(93 Misc. Rep. 268)

BAUM v. HOLSTEIN et ux.

(Supreme Court, Trial Term, Rensselaer County. January, 1916.)

1. EQUITY ☞381—VERDICT—BINDING EFFECT.
   The court is not bound by the verdict of the jury in an equity case, but may either adopt or disregard same.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 813–817; Dec. Dig. ☞381.]

2. SPECIFIC PERFORMANCE ☞121(4)—EXISTENCE OF CONTRACT—SUFFICIENCY OF EVIDENCE.
   Evidence in an action to compel specific performance of an alleged oral contract binding defendant to bid in property for plaintiff at a partition sale held insufficient to show that such contract was made.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 391–393; Dec. Dig. ☞121(4).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. SPECIFIC PERFORMANCE ⬤═39—PAROL CONTRACT AFFECTING LAND—DEFENSE—FRAUD.

The statute of frauds is not available as a means for perpetrating fraud, and therefore will not prevent a court of equity from enforcing a parol agreement relating to an interest in land, where there is proof of fraud.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 114–119; Dec. Dig. ⬤═39.]

4. SPECIFIC PERFORMANCE ⬤═41—PAROL CONTRACT—RIGHT TO ENFORCE—PARTIAL EXECUTION.

Courts of equity will enforce specific performance of a parol contract within the statute of frauds, where the contract has been partly carried into execution.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 120–123; Dec. Dig. ⬤═41.]

5. SPECIFIC PERFORMANCE ⬤═39—PAROL CONTRACT—ENFORCEMENT—DEFENSE—STATUTE OF FRAUDS.

A mere refusal to perform a parol agreement void under the statute of frauds is not fraud, such as will prevent setting up the statute as a defense in an action to enforce the contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 114–119; Dec. Dig. ⬤═39.]

Action by Barbara McDermott Baum against Englebert Holstein and wife. Verdict for plaintiff set aside, and complaint dismissed.

Crawford & Cogan, of Albany, for plaintiff.
Dugan & Bookstein, of Albany, for defendants.

RUDD, J. This action, brought asking a judgment of the court requiring the defendants to perform an alleged oral contract concerning certain real estate sold at partition sale, was tried before Justice Cochrane and a jury at the Columbia Trial Term. The court submitted to the jury this question:

"Did the defendant Englebert Holstein, agree with the plaintiff to bid in the property for her?"

The answer was in the affirmative. Upon motion of defendant asking the court to disregard the verdict and for a dismissal of the complaint upon the law and the facts, the court said:

"I will adopt the finding of the jury as to the fact. If you have any suggestions to make as to the law I will hear you upon that."

Before argument could be had the presiding justice was designated as Associate Justice in the Appellate Division and thus disqualified from hearing the case further. Upon the stipulation of the parties the entire evidence is submitted to this court for a determination both of the law and the facts, with the same force and effect in every respect as if the case had been tried before this court in the first instance.

[1] This court, therefore, will, under the stipulation, pass upon the question involved in the motion to disregard the verdict of the jury, endeavoring to satisfy itself as to whether the evidence sustains the verdict, as well as to pass upon the questions of law which may

be involved. In so doing it will not be considered that the court fails to recognize the force of Justice Cochrane's determination as expressed on the question of fact; but it is by the court an assumption of a responsibility, given to this court by the stipulation, sustained by the oral request of counsel and by the expression of the counsel for the plaintiff in the brief filed in which it is said:

"This being an equitable action, the court is not bound by the finding of the jury."

The court is not bound. It can adopt or it can disregard it. The effort by the court is to carefully read and analyze the evidence, to the end that it may determine as to what answer should be made to the question submitted, apart entirely from what answer has been made.

There is no claim or suggestion of fraud, irregularity, or invalidity. The plaintiff contends for an oral agreement whereby defendant acted, not for himself, but as agent for the plaintiff, and, as such, his buying the real estate was the act of an agent, that it was purchased for her, the plaintiff, and the sale having been confirmed, the referee's deed having been delivered to the defendant conveying the property to him, that it is now incumbent upon him to reconvey the property to the plaintiff.

[2] The whole question as to the fact must be determined from the evidence as to the alleged agreement by which or under which it is claimed defendant made the purchase. The principal parties testified, relatives of each gave testimony, but the only disinterested participant, the referee who conducted the sale, was not called to testify as to what was said by the defendant at the time of the sale and in the presence of the referee, which testimony might have thrown the balance in favor of one or the other, and thus made the solution of the question of fact more simple.

We are met by contradictory statements. We must determine whether the plaintiff has sustained the burden which is here on the question as to whether there was an agreement between the parties to the effect that the defendant should buy the property for plaintiff. The evidence is: That the defendants have been called uncle and aunt by the plaintiff, but that they are in fact not related. They were accustomed to see each other about twice each year previous to the partition sale; that on Sunday, plaintiff testifies, at the home of the defendant, she talked with Englebert Holstein, in the presence of his wife; that he said to plaintiff, it would be a good thing for plaintiff to get the property in question on the sale as her share; that defendant said:

"Speak with your lawyer and see if it can't be fixed, instead of your getting the money, that you get this piece of property."

That next day, during the auctioning of the property by the referee, plaintiff called defendant to the telephone and said, "Will you bid $200 for me?" and he said, "Yes." That evening they met again, and plaintiff said, "Is the property in my name?" Defendant said:

"Yes; * * * in case you want to sell it, you have got to sell it to me for the $200 that I turned it over to you."

Plaintiff had known for some time before the sale that it was to take place, but the first talk she had with the defendant was Sunday the day before the sale.

Witness Frances testifies that there were five persons present at the sale; that defendant came back from using the telephone and aloud stated: "Go ahead, I am going to buy the place for Barbara" (the plaintiff) for $200; and that when he bid in the property he said, "I will bid this piece in for Barbara." This witness testified that when defendant came from the telephone he said "he was going to take it up for $200," and at that time the highest bid was $150; that after the sale the defendant had said that "he bought the house for Barbara *provided she paid him what it cost him*"; that was a month after the sale.

Barbara Frances, called for plaintiff, contradicted the last witness as to what was said by defendant at the time of making the bid of $200. This was the evidence:

"Q. At the time he bid $200, what did he say? A. He didn't say anything."

Barbara Frances also testified that when defendant came from the telephone he only said "she wanted him to bid it in for her."

The attorney, Mr. Cogan, testified that he talked with defendant as to having some arrangement with plaintiff about her having this property, and that defendant said:

"Yes, but she will have to pay for drawing the deed."

This is all the evidence bearing upon the alleged agreement to purchase as offered by plaintiff.

The defendant denied that he saw plaintiff on Sunday, the day before the sale. As to the telephone talk had during the sale, defendant says he did not tell plaintiff he would bid in the property for her; that he did say that perhaps, after he bought it, he might turn it over to plaintiff, if she paid the expenses and interest and lawyer's fee; that he told the referee that plaintiff wanted him to buy the property for her.

Mr. Rieck, an attorney, testified that he heard a conversation between plaintiff and defendant in which defendant said to plaintiff, "I told you over the telephone I would buy it myself," to which plaintiff replied, "I know you told that, but I thought you were going to give it to me anyway."

From a recital of quite a portion of the evidence, and, in fact, all of which bears directly upon the question as to whether there was an agreement between these parties whereby the defendant Holstein agreed to make a bid at the partition sale for the plaintiff, it seems to this court clearly, without question, that the evidence does not sustain the verdict of the jury. The plaintiff has not proved by a preponderance of evidence that there was an agreement between these parties that the defendant was to buy the property for plaintiff. It

is most unsatisfactory in its character—it is flimsy. If the evidence does not sustain the verdict it must be by this court disregarded.

We are called upon by the counsel for the respective parties to pass upon the whole case, the question of fact and questions of law. What we have already said indicates the conclusion which we are forced to reach from the evidence. There was not, as shown by the proof, an agreement between these parties. If an agreement could be spelled out, then very serious questions of law arise to which reference might now be made.

The plaintiff's counsel states in the brief submitted that the complaint is drawn in this case based upon the rulings of the court in Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696. That case is the theory upon which the plaintiff endeavors to sustain her contention. The marked difference between the Ryan Case and the one under consideration is that here there is no contention of fraud, no allegation of fraud, and no proof that any fraud was perpetrated by the defendant as against the plaintiff. In the Ryan Case it was held that a fraudulent use of the statutes for the prevention of fraud will not be permitted, and a court of equity will interfere against a party intending to make such statute an instrument of fraud.

[3] No interest in real property can be created, except by a deed of conveyance in writing subscribed by the person creating it or by his lawful agent authorized so to do. The statute would not prevent an equity court from enforcing a parol agreement relating to an interest in land, if there was proof of fraud, for the court would not permit the provisions of law of the statute against fraud to be used as a means for perpetrating fraud.

[4, 5] Courts of equity will also enforce a specific performance of a contract within the statute when a parol agreement has been partly carried into execution. Here we have neither fraud nor allegation of fraud, and we have no part of an alleged parol agreement carried into execution. Even assuming that there was an agreement between the parties, the defendant Holstein at the most merely refused to perform the parol agreement.

The court has held, in Wheeler v. Reynolds, 66 N. Y. 228, that a mere refusal to perform a parol agreement, void under the statute of frauds, is in no sense a fraud either in law or equity. In Canda v. Totten, 157 N. Y. 281, 51 N. E. 989, a purchase was made by one in his own name, under an oral agreement with another to purchase it for and convey it to the latter on receipt of the amount paid therefor, and the facts that the promisee has performed on his part by paying the purchaser the amount paid by him, that such payment has been accepted, and that he has made repairs and paid taxes, insurance, and interest on mortgages upon the premises, upon the faith of the agreement, entitle the promisee, in equity, to a specific performance of the contract to convey.

No such situation is developed here. The evidence, as above stated, does not show an agreement. Assuming that it did, it was nothing but a naked agreement, no consideration passed, no memorandum was made, it was not performed in part, nothing happened whereby the

plaintiff was misled, she had known of the time that the sale was to take place for many days, she did not stay away because of any understanding had with the defendant Holstein, and there is no proof that other intending bidders refrained from bidding because the defendant Holstein was bidding for the plaintiff.

Plaintiff has not sustained her cause of action; she has failed on the facts and on the law. An order may be entered setting aside the verdict, and a judgment may be made dismissing the complaint.

Judgment accordingly.